# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.D. RICHARD YOCUM,<br><br>    Plaintiff,<br>vs.<br><br>ROCKWELL MEDICAL TECHNOLOGIES, INC., et al.,<br><br>    Defendants. | CASE NO. 12cv568-GPC (MDD)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO COMPEL, IMPOSING SANCTIONS AND AMENDING THE SCHEDULING ORDER<br><br>[ECF NO. 49] |

Before the Court is Defendant's motion to compel the further deposition of Plaintiff, for sanctions and to amend the scheduling order. (ECF No. 49). The motion was filed on November 21, 2012. *Id.* Defendants responded, as required by the Court, on November 30, 2012. (ECF Nos. 50, 51). As discussed below, Defendants' motion to compel, for sanctions and to amend the scheduling order is **GRANTED**.

## Background

This case stems from the alleged wrongful termination of Plaintiff by Defendants. (ECF No. 1). Discovery closed on October 29, 2012. (ECF. No. 24). That same day, a discovery motion was filed with the Court. (ECF No. 37). On October 31, 2012, the Court held a telephonic discovery conference resulting in an amended scheduling order. (ECF Nos. 43, 44). Based upon the agreement of the parties during the discovery conference, the Court permitted certain discovery to

proceed. Specifically, the Court ordered Plaintiff, as agreed during the conference, to respond to outstanding written discovery requests by November 2, 2012. (ECF No. 44).[1] Any further disputes regarding the written discovery were to be brought before the Court no later than November 7, 2012. *Id.* Regarding depositions, the parties agreed that Plaintiff was to be deposed on November 5, 2012; that Defendants' employee Dr. Gupta was to be deposed on November 6, 2012; that the telephonic depositions of Plaintiff's children would be taken on November 9, 2012, and that four other employees of Defendants would be deposed in Detroit, Michigan, on November 15-17, 2012. *Id.*

Plaintiff's deposition proceeded on November 5, 2012. According to Defendants' counsel, only two pages of documents were produced by Plaintiff prior to the deposition. (ECF No. 49, ¶7). Plaintiff asserts that a number of documents were produced and sent by electronic mail to counsel for Defendants on November 2 and 4, 2012. (ECF. No. 51-1, ¶2). Regardless, the parties agree that during his deposition, Plaintiff identified a number of other responsive documents in his possession that had not previously been produced. (ECF No. 49, ¶7; ECF No. 51 at 6). The remaining documents were produced on November 9, 2012. (ECF No. 49, ¶11; ECF No. 51-1, ¶5). Following this production, on November 14, 2012, counsel for Plaintiff agreed that Plaintiff had to be re-deposed. (ECF No. 49-9). The deposition has not been scheduled prompting the instant motion.

Defendants assert that Plaintiff must be ordered to submit to a further deposition regarding issues raised by the late production of documents.[2] Plaintiff

---

[1] The Court's notes reflect that the parties agreed to the date of November 2, 2012, for Plaintiff to respond to the outstanding discovery. The resultant Court Order, however, provided the date of November 7, 2012. The wrong date was the result of a typographical error. It appears that the parties understood that the actual date was November 2, 2012.

[2] On November 7, 2012, Defendants filed a discovery motion challenging Plaintiff's refusal to produce certain documents without a protective order. (ECF No. 46). The Court granted the motion the next day ordering production no later than November 15, 2012. (ECF No. 48). Neither party has suggested that the documents at issue here are the same documents at issue in the November 7, 2012, motion.

1  asserts that Defendants have not been diligent as there was time available on
2  November 17, 2012, in Detroit, for Plaintiff to be re-deposed and Defendants did not
3  make the request. It does not appear from the record that Plaintiff offered to be re-
4  deposed on that date.

## Discussion

6       The parties agreed that Plaintiff is subject to further deposition regarding the
7  documents produced after his deposition but seem unable to agree on a date, place
8  and time. Defendants seek sanctions in the form of imposing costs upon Plaintiff for
9  the further deposition and seek relief from the dispositive motion filing deadline of
10 December 7, 2012.

11      The Court agrees that the further deposition of Plaintiff is warranted limited
12 to an examination of issues raised in the documents produced after his first
13 deposition. The Court also agrees that the need for the further deposition was caused
14 by Plaintiff's failure timely to produce the documents. The Court is not convinced
15 that Defendants were not diligent in seeking the further deposition of Plaintiff.
16 There is nothing in the record suggesting that Plaintiff offered to be deposed earlier.
17 Plaintiff's argument that Defendants should have fit Plaintiff in on November 7 is
18 unavailing; there is nothing in the record to suggest that Defendants were prepared
19 that day to depose Plaintiff regarding the documents produced following his initial
20 deposition.

21      The Court finds that the failure of Plaintiff to produce responsive documents
22 prior to his deposition served to frustrate the fair examination of Plaintiff by
23 Defendants within the meaning of Fed.R.Civ.P. 30(d)(2). Rule 30(d)(2) provides
24 authority for the Court to impose an appropriate sanction.

25      The Court finds that an appropriate sanction in this case is for Plaintiff to bear
26 the costs of his further deposition. The Court **ORDERS** that Plaintiff is to pay the
27 reasonable expenses for his further deposition. If Plaintiff travels to Defendants'
28 location, Plaintiff is to bear the reasonable cost of the court reporter. If Plaintiff

prefers that Defendants' counsel travel to Plaintiff's location, Plaintiff is to bear the cost of Defendants' counsels' travel and lodging, if necessary, and the cost of the court reporter. Defendants' attorney's fees, in either event, are not included. The Court further **ORDERS** that Plaintiff's further deposition occur no later than **December 14, 2012**.

Finally, as the date by which dispositive motions must be filed currently is December 7, 2012, the Court will amend the scheduling order to extend the date by which dispositive motions must be filed to **December 31, 2012.**

## Conclusion

Defendants' motion to compel, for sanctions and to amend the scheduling order is **GRANTED** as provided herein.

IT IS SO ORDERED.

DATED: December 3, 2012

Hon. Mitchell D. Dembin
U.S. Magistrate Judge