UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD YOCUM, M.D., <br><br> Plaintiff, <br><br> v. <br><br> ROCKWELL MEDICAL TECHNOLOGIES, INC. and DOES 1-25, inclusive, <br><br> Defendants. | Case No. 3:12-cv-0568-GPC-MDD <br><br> **TENTATIVE RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT IN PREPARATION FOR HEARING** <br><br> **(ECF NO. 64)** |

Currently before the Court is Defendant's Motion for Summary Judgment ("MSJ"), which has been fully briefed, and which is set for a hearing on March 22, 2013. (ECF Nos. 64, 68, 78.) After considering the parties' submissions and arguments, and for the reasons that follow, the Court is prepared to **GRANT** Defendant's MSJ on all causes of action.

Summary judgment is appropriate where the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Where the party moving for summary judgment does not bear the burden of proof at trial, it may show that no genuine issue of material fact exists by demonstrating "there is an

absence of evidence to support the non-moving party's case." Id. at 325.

**1.    Wrongful Discharge in Violation of Public Policy**

An exception to the rule that at-will employment is terminable by either party with or without cause on reasonable notice exists where an at-will employee is discharged for performing an act that public policy would encourage, or for refusing to do something public policy would condemn. Tameny v. Atlantic Richfield Co., 27 Cal.3d 167, 176 (1980). A plaintiff alleging wrongful termination in violation of public policy ("Tameny claim") must allege conduct that violates a public policy delineated in a constitutional, statutory, or regulatory provision. Green v. Ralee Eng'g Co., 19 Cal. 4th 66, 78-82 (1998). The only specific constitutional provision, statute, or regulation that Plaintiff identifies is 21 C.F.R. § 312.7, which relates to the promotion of investigational drugs. The Court is prepared to find that section 312.7 implicates a fundamental public policy, to wit, public health and safety.[1]

In addition to identifying a specific constitutional, statutory, or regulatory provision, a plaintiff must also "demonstrate the required nexus between his reporting of alleged statutory violations and his allegedly adverse treatment." See Turner v. Anheuser-Busch, Inc., 7 Cal. 4th 1238, 1259 (1994). Tameny claims usually involve four categories: "(1) refusal to violate a statute; (2) performing an obligation imposed by statute; (3) exercising a statutory privilege or right; and (4) reporting an alleged violation of a statute of public importance." Nelson v. United Tech., 74 Cal. App. 4th 597, 608 (1999).

The Court is prepared to find there is an absence of evidence demonstrating Plaintiff refused to violate 21 C.F.R. § 312.7, performed an obligation imposed by

---

[1] The Court is prepared to find that Plaintiff has not identified a specific constitutional, statutory, or regulatory policy with respect to Plaintiff's claim that he was discharged for insisting that Defendant comply with FDA labeling requirements or SEC regulations. The Court is further prepared to decline to treat the so-called ICH Practices as regulations for purposes of identifying a specific public policy, as the ICH Practices are described as guidelines; specifically state they "do not create or confer any rights for any person"; and are not set forth in any constitution, statute, or regulation, but are instead published only in the Federal Register.

section 312.7, exercised a statutory privilege or right provided by section 312.7, or reported an alleged violation of section 312.7. The Court is therefore prepared to find there is an absence of evidence demonstrating the required nexus between Plaintiff's actions in relation to section 312.7, if any, and Plaintiff's discharge.

**2.     Intentional Infliction of Emotional Distress**

The tort of intentional infliction of emotional distress is comprised of three elements: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff suffered severe or extreme emotional distress; and (3) the plaintiff's injuries were actually and proximately caused by the defendant's outrageous conduct. Cochran v. Cochran, 65 Cal. App. 4th 488, 494 (1998).

The Court is prepared to find there is an absence of evidence demonstrating that Plaintiff suffered severe or extreme emotional distress or that Defendant's conduct actually and proximately caused any such distress.

**3.     Unpaid Wages**

In response to Defendant's MSJ on Plaintiff's unpaid wages claims, Plaintiff merely states: "There is a triable issue of material fact as to whether [Plaintiff's] vacation hours were expired. There is also a triable issue of material fact as to whether Plaintiff was entitled to his bonuses." Plaintiff offers no factual or legal support for these conclusions. The Court is therefore prepared to find there is an absence of evidence demonstrating Plaintiff is entitled to recover any unpaid wages.

DATED: March 21, 2013

HON. GONZALO P. CURIEL
United States District Judge