UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD YOCUM, M.D., <br><br> Plaintiff, <br> v. <br> ROCKWELL MEDICAL TECHNOLOGIES, INC. and DOES 1-25, inclusive, <br><br> Defendants. | Case No. 3:12-cv-0568-GPC-MDD <br><br> **ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEY FEES AND COSTS** <br><br> **(ECF NO. 85)** |

On April 30, 2013, the Court granted Rockwell Medical Technologies, Inc.'s ("Defendant") Motion for Summary Judgment as to each of Plaintiff's claims. (ECF No. 83.) Thereafter, on May 22, 2013, Defendant filed a motion for attorney fees and costs pursuant to Federal Rule of Civil Procedure 68. (ECF No. 85.) The Court finds Defendant's Motion for Attorney Fees and Costs suitable for disposition without oral argument. See CivLR 7.1.d.1.

Defendant asserts that it served a Rule 68 offer of judgment on Plaintiff that Plaintiff did not accept. Defendant argues it is therefore entitled to attorney fees and costs totaling $107,614.15.

In response, Plaintiff argues Rule 68 does not permit a prevailing <u>defendant</u> to recover costs. (ECF No. 94.)

In reply, Defendant concedes that it may not recover costs under Rule 68, but that, instead, the Court should award it attorney fees and costs under Rule 54. Defendant asserts that, under Rule 54, it is entitled to costs as the prevailing party and that it is entitled to attorney fees pursuant to California Labor Code section 210, under which Plaintiff asserted his second, third, and fourth causes of action. (ECF No. 97.)

First, the Court agrees that Defendant may not recover costs or attorney fees under Rule 68. See UMG Recordings, Inc. v. Shelter Capital Partners LLC, 718 F.3d 1006, 1035 (9th Cir. 2013) ("[T]he Supreme Court held that Rule 68 'applies only to offers made by the defendant and only to judgment obtained by the plaintiff,' and 'therefore is simply inapplicable [when] it was the defendant that obtained the judgment.'" (quoting Delta Airlines, Inc. v. August, 450 U.S. 346, 352 (1981))).

Secondly, the Court cannot properly consider Defendant's Rule 54 argument because Defendant makes this argument for the first time in its Reply. See Graves v. Arpaio, 623 F.3d 1043, 1048 (9th Cir. 2010) ("[A]rguments raised for the first time in a reply brief are waived."). Accordingly, Defendant's Motion for Attorney Fees and Costs is **DENIED**. The hearing on Defendant's Motion, currently set for **September 13, 2013**, is **VACATED**.

**IT IS SO ORDERED.**

DATED: September 6, 2013

HON. GONZALO P. CURIEL
United States District Judge